IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUTHER EVANS,<br><br>        Petitioner,<br>v.<br><br>STEPHEN W. MAYBERG, et al.,<br><br>        Respondents. | No. C 07-1582 SBA (pr)<br><br>**ORDER DENYING PETITION FOR**<br>**WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This matter is now before the Court for consideration of Petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 concerning his civil commitment in San Francisco County Superior Court pursuant to the Sexually Violent Predators Act ("SVPA") (California Welfare & Institutions Code §§ 6600 et seq.). Respondents Ben McLain and Stephen Mayberg oppose the petition. Petitioner filed a traverse. For the reasons discussed below, the petition is DENIED as to all claims.

## BACKGROUND

### I. Case History

On October 27, 2003, a jury in San Francisco County Superior Court found petitioner to be a sexually violent predator under the SVPA. The court ordered Petitioner committed to Atascadero State Hospital for two years. Petitioner was subsequently transferred to Coalinga State Hospital. On appeal, the California Court of Appeal affirmed the judgment in a published opinion on August 19, 2005. (Resp't Ex. 6.) Petitioner filed a petition for review in the California Supreme Court which was denied on December 21, 2005. (Resp't Ex. 8.)

The instant petition was filed on March 20, 2007. The Court issued an order to show cause on August 3, 2007. Respondent filed a motion for an extension of time which the Court granted. Respondent filed an Answer and Memorandum of Points and Authorities in Support of Answer to Petition for Writ of Habeas Corpus on December 24, 2007. Petitioner filed a traverse on January 24, 2008. The matter has been fully briefed and is now ready for review on the merits.

**II.     Statement of Facts**

A detailed factual background is not necessary to the resolution of the two claims raised herein. The following brief summary of petitioner's criminal history prior to the civil commitment proceedings are drawn from the California Court of Appeal opinion:

> Evans has a long criminal history, dating back more than 30 years. In 1973, he was found loitering inside a woman's apartment and he battered another woman that year. In 1975, he committed burglary of a woman's apartment and in 1976, forcible rape of another woman for which he was convicted. Evans was convicted of assault to commit rape [sic] on yet another woman in 1976. In 1980, he again committed and was convicted of forcible rape and was arrested for a second forcible rape. In 1991, he committed assault and sexual battery during an attempted rape. During those years, Evans was in and out of prison. Evans verbally threatened his victims, and administered beatings after the sexual assault. He tried to strangle one victim.

(Resp't Ex. 6 at 1-2.) The Court will supply additional facts as necessary in its discussion of the specific issues that are raised in the petition.

## DISCUSSION

**I.     Legal Standard**

**A.     Standard of Review for State Court Decisions**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits. Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004). It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court. See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

1. **Section 2254(d)(1)**

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of" "clearly established Federal law, as determined by the Supreme Court of the United States." Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 409 (2000). While the "contrary to" and "unreasonable application" clauses have independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

    a. **Clearly Established Federal Law**

"Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law. See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. Williams, 529 U.S. at 391. There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65. When only the general principle is clearly established, it is the only law amenable to the

"contrary to" or "unreasonable application of" framework. See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

### b.     "Contrary to"

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." Williams, 529 U.S. at 406. Such a case should be analyzed under the "unreasonable application" prong of § 2254(d). See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### c.     "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is

more general, the state courts have more leeway. Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it. Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard. Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point). After Andrade,

> [t]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise. While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id. In examining whether the state court decision was unreasonable, the inquiry may require analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

### 2. Sections 2254(d)(2), 2254(e)(1)

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where a state court fails to consider and weigh highly probative, relevant evidence, central to a petitioner's claim, that was properly presented and made part of the state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(2) applies to an intrinsic review of a state court's fact-finding process, or situations in which the petitioner challenges a state court's fact-findings based entirely on the state court record, whereas § 2254(e)(1) applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court. See Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004). In Taylor, the Ninth Circuit established a two-part analysis under §§ 2254(d)(2) and 2254(e)(1). Id. First, federal courts must undertake an "intrinsic review" of a state court's fact-

finding process under the "unreasonable determination" clause of § 2254(d)(2). Id. at 1000. The intrinsic review requires federal courts to examine the state court's fact-finding process, not its findings. Id. Once a state court's fact-finding process survives this intrinsic review, the second part of the analysis begins by dressing the state court finding in a presumption of correctness under § 2254(e)(1). Id. According to the AEDPA, this presumption means that the state court's fact-finding may be overturned based on new evidence presented by a petitioner for the first time in federal court only if such new evidence amounts to clear and convincing proof a state court finding is in error. See 28 U.S.C. § 2254(e)(1). "Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." Taylor, 366 F.2d at 1000.

### 3.     Claims Not Considered in a Reasoned State Court Decision

Where a state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir. 2002). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an unreasonable application of clearly established federal law. Himes, 336 F.3d at 853; accord Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004).

## II.    Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through state collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). It is

undisputed that Petitioner exhausted his state court remedies as to the claims raised in his petition.

### III. Legal Claims

The petition raises two claims: (1) the trial court violated his right to due process by failing to dismiss the civil commitment proceedings under California Code of Civil Procedure § 583.110 et seq.; and (2) the trial court violated the Sixth and Fourteenth Amendments by refusing to instruct the jury that it must find that custody in a secure facility is necessary to ensure petitioner is not a danger to the public.

#### A. Dismissal under California Code of Civil Procedure §§ 583.110 et seq.

Petitioner claims that the trial court violated his right to due process by failing to dismiss the civil commitment proceedings under California Code of Civil Procedure §§ 583.110 et seq..[1] Petitioner dedicates the vast majority of his discussion of this claim to arguing that the failure to dismiss the proceedings violated state law. A violation of state law is not a basis for federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Moreover, the California Court of Appeal held that dismissal of the proceedings was not warranted under state law because California Penal Code §§ 583.110 et seq. because those statutes only apply to ordinary civil proceedings, not to "special" civil proceedings such as civil commitment proceedings under the SVPA. (Resp. Ex. 6 at 8-10 (citing cases).) A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Even a determination of state law made by an intermediate appellate court must be followed by a federal court on habeas review. Hicks v. Feiock, 485 U.S. 624, 630 n.3 (1988). This Court is bound by the interpretation of state law by the California Court of Appeal that state law, specifically California Code of Civil Procedure §§ 583.310 et seq., did not require dismissal of the civil commitment proceedings against Petitioner.

In his petition, Petitioner only summarily states that the failure to dismiss the proceedings violated his federal constitutional right to due process. He offers no explanation as to how due

---

[1] These sections of the California Civil Code govern time limits for the commencement of a trial after it has been filed. (Resp't. Ex. 6 at 8-9.)

7

process was violated, nor does he cite any authority that either suggests how such a violation took place or that even applies the federal constitutional right to due process. In his traverse, Petitioner argues that California Code of Civil Procedure §§ 583.110 et seq. gave him a "liberty interest" protected by due process in the dismissal of the commitment proceedings. Petitioner cites no Supreme Court authority, however, or any other authority, providing that these sections of the California Civil Code create a federally protected "liberty interest" in dismissal of civil commitment proceedings. In the absence of such authority, habeas relief is not available under 28 U.S.C. § 2254(d)(1). See Williams, 529 U.S. at 412 ( "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence."); Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

Moreover, it is clear that California Code of Civil Procedure §§ 583.110 et seq. could not create a federally protected liberty interest in dismissal of civil commitment proceedings. A state statute or regulation creates a federally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decision-maker that mandates a particular outcome if the substantive predicates have been met. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983). California Code of Civil Procedure §§ 583.110 et seq. cannot not have "mandatory language" directing dismissal of civil commitment proceedings because these sections of the Civil Code do not, as a matter of state law, even apply to such proceedings. Consequently, the failure to dismiss the proceedings did not violate any "liberty interest" protected by the constitutional right to due process.

Petitioner is not entitled to habeas relief on this claim.

**B.     Jury Instructions**

Petitioner claims that the trial court violated the Sixth and Fourteenth Amendments by refusing to instruct the jury that it in order to find that he is a sexually violent predator under the SVPA, it had to find custody in a secure facility necessary to ensure that Petitioner does not endanger the public. To obtain federal collateral relief for errors in the jury charge, a petitioner must show that

the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process. Estelle v. McGuire, 502 U.S. at 72.

Petitioner's claim of instructional error here rests on an interpretation of state law rejected by the state courts. Specifically, the California Court of Appeal held as a matter of state law that the jury does not have to find custody necessary in order to find the SVP petition to be true. (Resp. Ex. 6 a 6-7 (citing cases).) The state appellate court explained that "where there is no evidence of amenability to voluntary treatment and the jury is not exposed to an alternative of treatment in nonsecure settings, the trial court has not duty to instruct on the necessity of custody in a secure facility." (Id. at 7.) As described above, such a determination of state law is binding on this Court. See Hicks, 485 U.S. at 630 n.3. Because, as a matter of state law, the jury was not required to find custody necessary, the trial court's failure to instruct the jury to that effect did not render the trial fundamentally unfair so as to violate Petitioner's right to due process.

Moreover, even if failing to instruct the jury that custody was necessary violated due process, it was not a prejudicial error. If an instructional error is found, the court must determine that the error had a substantial and injurious effect or influence in determining the jury's verdict, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993), before granting relief in habeas proceedings. Calderon v. Coleman, 525 U.S. 141, 146-47 (1998). The California Court of Appeal explained why the strong evidence that Petitioner was likely to reoffend rendered any instructional error harmless as follows:

> Two experts diagnosed Evans with a mental disorder, paraphilia, and concurred that he would likely reoffend again if free in the community. Dr. Korpi opined that Evans's then-current good behavior was due to being away from the target-rich environment where there were no women to commit sexual offenses against. Dr. Korpi believed that Evans's likelihood to reoffend if free in the community was high because his mental disorders predisposed him to commit sexual offenses. Dr. Hupka concurred and added that based on the Static-99 test he administered, Evans was in the highest category to reoffend.
>
> Further, Evans denies that he engaged in any sexually predatory acts. In Dr. Korpi's words, "He doesn't think he has a disorder that needs to be cured. . . . He has been falsely accused." Thus, by definition Evans poses a danger to the community because he does not acknowledge his need for treatment. Defendants with mental disorders who do not seek treatment in the community are a serious and well-founded risk to the health and safety of others because without treatment they are likely to reoffend.

(Resp't. Ex. 6 at 7-8.) For the same reasons, any instructional error did not have a substantial and

9

injurious effect on the jury verdict. Even if the jury was instructed that it was required to find custody necessary, it was very likely to find the SVP petition true given the strong evidence of Petitioner's continued likelihood to reoffend, as well as his failure to acknowledge either the abusive nature of his past conduct or his need for treatment. Accordingly, even if there had been instructional error, any such error was not prejudicial.

Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 7-31-09

SAUNDRA BROWN ARMSTRONG
United States District Judge